UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES C. SILCOX,

    Petitioner,

    v.                                          CAUSE NO. 3:19-CV-1200-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

James C. Silcox, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-18-10-471) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class

Silcox argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He contends that cellphone belong to his cellmate and that correctional staff did not properly document the chain of custody for the cellphone.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represented that, as he prepared to search Silcox's cell, he saw Silcox throw a cellphone in his cellmate's bed. ECF 11-1. Consequently, even without chain of custody documentation, the administrative record includes some evidence that Silcox possessed a cellphone in violation of departmental policy. The administrative record also includes a statement from Silcox's cellmate claiming ownership of the cellphone, but the hearing officer was not required to credit this account over the conduct report. ECF 11-6. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Silcox also argues that he is entitled to habeas relief because correctional staff did not screen him within a reasonable time but instead screened him three weeks after the date of the cell search. Notice of the charges within a certain time after the commission of the offense is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v.*

*Palmigiano*, 425 U.S. 308, 324 (1976)). It is also unclear why Silcox believes that a duration of three weeks between the commission of the offense and notice of the charges is unreasonable. Therefore, this claim is not a basis for habeas relief.

Because Silcox has not asserted a valid claim for habeas relief, the habeas petition is denied. If Silcox wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES James C. Silcox leave to proceed in forma pauperis on appeal.

SO ORDERED this May 25, 2021.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge